UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LINDA EDLINGER,

                              Plaintiff,

        v.                                        3:10-cv-148

THE UNITED STATES OF AMERICA,
JALAL MAHDAVIAN and THE KINGSTON
HOSPITAL,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

        Plaintiff Linda Edlinger commenced the instant action claiming that she sustained

injuries as a result of medical care she received from Defendants.  Presently before the

Court is: (1) Defendant Jalal Mahdavian's motion for summary judgment; (2) Plaintiff's cross-

motion for leave to amend her complaint to add new parties; and (3) Jamal Mahdavian's

motion to intervene for the limited purpose of opposing Plaintiff's cross-motion to add him is a

party.

I.        FACTS

        On June 12, 2009, Plaintiff filed a Complaint against Dr. John McAndrew, the Mid-

Hudson Family Health Institute, and the United States of America.  The Complaint alleges

that, on July 3, 2007, Defendants negligently performed an exploratory laparotomy and right

oopherectomy.  On June 29, 2009, Plaintiff filed an Amended Complaint.  The Amended

Complaint did not name Jalal Mahdavian, Jamal Mahdavian, or Mahdavian and Mahdavian, LLP as Defendants.

In November 2009, the only parties to the action (Plaintiff and the United States)[1] entered into a stipulation whereby Plaintiff was permitted to file a supplemental summons and amended complaint joining Jalal Mahdavian and The Kingston Hospital as Defendants. On December 7, 2009, Plaintiff filed a Second Amended Complaint adding Defendants Jalal Mahdavian and Kingston Hospital.  In the Second Amended Complaint, Plaintiff alleges that "[t]he defendant, Jalal Mahdavian is also know [sic] as Jamal Mahdavian. . . ."  Second Am. Compl. at ¶ 8.  As is pertinent to Jalal Mahdavian, the Complaint further alleges that he was an employee of Kingston Hospital.  In December 2009, a copy of the Second Amended Complaint was served upon Jalal Mahdavian by leaving a copy with a person at his actual place of business (40 Hurley Ave., Suite #5, Kingston, NY), and also mailing a copy to his business address.

Presently before the Court is: (1) Defendant Jalal Mahdavian's motion for summary judgment; (2) Plaintiff's cross-motion for leave to file an amended complaint; and (3) Jamal Mahdavian's motion to intervene for purposes of opposing Plaintiff's cross-motion.

## II.    STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedures governs motions for summary judgment.  It is well settled that on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the non-moving party, see Tenenbaum v. Williams, 193 F.3d 581, 593 (2d Cir. 1999), and may grant summary judgment only where

---

[1] Plaintiff voluntarily dismissed the action as to John McAndrew and Mid Hudson Family Health Institute.

"there is no genuine issue as to any material fact and . . . the moving party is entitled to

judgment as a matter of law."  Fed. R. Civ. P. 56( c).  An issue is genuine if the relevant

evidence is such that a reasonable jury could return a verdict for the nonmoving party.

Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).  A party seeking summary judgment

bears the burden of informing the court of the basis for the motion and of identifying those

portions of the record that the moving party believes demonstrate the absence of a genuine

issue of material fact as to a dispositive issue.  Celotex Corp. v. Catrett, 477 U.S. 317, 323

(1986).  If the movant is able to establish a prima facie basis for summary judgment, the

burden of production shifts to the party opposing summary judgment who must produce

evidence establishing the existence of a factual dispute that a reasonable jury could resolve

in her favor.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  A

party opposing a properly supported motion for summary judgment may not rest upon "mere

allegations or denials" asserted in his pleadings, Rexnord Holdings, Inc. v. Bidermann, 21

F.3d 522, 525-26 (2d Cir. 1994), or on conclusory allegations or unsubstantiated speculation.

Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998).

    With these standards in mind, the Court will address the pending motion.

III.    **DISCUSSION**

    a.    **Motion for Summary Judgment**

    Defendant Jalal Mahdavian seeks dismissal of the Complaint against him on the

ground that he never provided any medical care or treatment to Plaintiff and he has never

been known as Jamal Mahdavian.  In support of his motion, Jalal Mahdavian submits an

affidavit stating that he is not Jamal Mahdavian, he has never been known as Jamal

Mahdavian, and he "never had any contact with, nor provided any care or treatment to, the plaintiff, Linda Edlinger."

Plaintiff contends that summary judgment is premature because she "has been unable to depose Dr. John McAndrew, Dr. Jalal Mahdavian, Dr. Jamal Mahdavian and someone from the defendant, The Kingston Hospital who would have knowledge regarding Jamal Mahdavian's relationship with The Kingston Hospital." Pl.'s Mem. of Law at 16. The law in this Circuit is clear that "[a] reference to Rule 56(f) and to the need for additional discovery in a memorandum of law in opposition to a motion for summary judgment is not an adequate substitute for a Rule 56(f) affidavit . . . and the failure to file an affidavit under Rule 56(f) is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate." Paddington Partners v. Bouchard, 34 F.3d 1132, 1137 (2d Cir. 1994) (citing Burlington Coat Factory Warehouse Corp. v. Esprit De Corp, 769 F.2d 919, 925 (2d Cir.1985); John Hancock Property & Casualty Ins. Co. v. Universale Reinsurance Co., 147 F.R.D. 40, 47 n. 15 (S.D.N.Y. 1993); and Cooperative Centrale Raiffeisen-Boerenleen Bank B.A. v. Northwestern Nat'l Ins. Co., 778 F. Supp. 1274, 1280 n. 9 (S.D.N.Y. 1991)). Here, Plaintiff neither references Rule 56(f) nor supplies the requisite affidavit stating: (1) what facts are sought and how they are to be obtained; (2) how those facts are reasonably expected to create a genuine issue of material fact; (3) what effort the affiant has made to obtain those facts; and (4) why those efforts were unsuccessful. Burlington Coat Factory Warehouse Corp., 769 F.2d at 926. Further, Jamal Mahdavian's relationship with Kingston Hospital is irrelevant to Jalal Mahdavian's liability. Accordingly, the Court rejects Plaintiff's claim that summary judgment is premature. The Court will, therefore, turn to the substance of the motion.

- 4 -

The medical records submitted by Plaintiff establish that Jamal Mahdavian (and not Jalal Mahdavian) assisted in the surgery.  Plaintiff contends, however, that summary judgment is not warranted because Jalal Mahdavian is a partner with Jamal Mahdavian and, therefore, vicariously liable for Jamal Mahdavian's negligence.

The undisputed evidence is that Jalal and Jamal Mahdavian are partners in a Limited Liability Partnership ("LLP").  See Pl.'s Ex. M (Partnership Certificate fo Mahdavian and Mahdavian, LLP).  New York Partnership Law § 26(b) "eliminated the vicarious liability of a general partner in a registered limited liability partnership. . . ."  Ederer v. Gursky, 9 N.Y.3d 514, 523 (2007).

> [S]ubject to two exclusions, no partner in an L.L.P. is "liable or accountable, directly or indirectly (including by way of indemnification, contribution or otherwise), for any debts, obligations or liabilities of, or chargeable to, the [L.L.P.] or other partners, whether arising in tort, contract or otherwise, which are incurred, created or assumed by such partnership while such partnership was an [L.L.P.], solely by reason of being such a partner."  One of the applicable exclusions from such limitation on personal liability is "for any negligent or wrongful act or misconduct committed by" the partner "or by any person under his or her direct supervision and control while rendering professional services on behalf of" the L. L. P.

Schuman v. Gallet, Dreyer & Berkey, L.L.P., 180 Misc.2d 485, 489 (Sup. Ct. New York County 1999) (quoting Partnership Law §§ 26(b) and (c)).  The other exception permits partners to "opt out from or reduce the reach of section 26(b)'s protection from vicarious liability."  Ederer, 9 N.Y.3d at 523 (citing N.Y. Partnership Law § 26(d)).

As noted, the undisputed evidence in this case is that Mahdavian and Mahdavian is an LLP.  In light of Jalal's Mahdavian's affidavit contending that he has never had any contact with, or provided medical care to, Plaintiff, there is insufficient evidence before the Court suggesting that Jalal Mahdavian engaged in any negligence or wrongful act.  Moreover, there is no allegation or evidence that Jalal Mahdavian was directly supervising

Jamal Mahdavian or that there is any agreement limiting § 26(b)'s protection.  Because Jalal Mahdavian did not personally engage in any wrongful conduct, did not directly supervise someone who engaged in wrongful conduct, and may not be held vicariously liable for the acts of Jamal Mahdavian, Defendant Jalal Mahdavian's motion for summary judgment is GRANTED and the Complaint is DISMISSED AS TO JALAL MAHDAVIAN.  See Yachnin v. Levine, 257 A.D.2d 571 (2d Dep't 1999).

### b.   Cross-Motion for Leave to Amend/Motion to Intervene

Plaintiff moves for leave to file an amended complaint adding Jamal Mahdavian and Mahdavian and Mahdavian LLP as defendants.  Defendant Jalal Mahdavian opposes this motion on the ground that amendment is futile because any new claims against Jamal Mahdavian and Mahdavian and Mahdavian LLP would be untimely.  Jamal Mahdavian moves to intervene to be heard in connection with Plaintiff's motion.

Under Fed. R. Civ. P. 15(c), an amended complaint adding a new party relates back to the date of the original pleading if the following conditions are met: (1) the amendment asserts a claim that arose out of the conduct, transaction, or occurrence set out - or attempted to be set out - in the original pleading; and, within 120 days of the filing of the original complaint (2) the new party received notice of the action such that it will not be prejudiced in defending on the merits; and (3) the new party knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.  See Barrow v. Wethersfield Police Dept., 66 F.3d 466, 469 (2d Cir. 1995).

The Court has little difficulty in concluding that the first element is satisfied here. The proposed amendment clearly arises out of the same conduct set out in the original pleading.  The third element, however, is not satisfied as to Mahdavian and Mahdavian, LLP.

There is nothing before the Court suggesting that the failure to previously name Mahdavian and Mahdavian LLP was due to a mistake in the proper party's identity and Plaintiff does not argue otherwise.  See Barrow, 66 F.3d at 470 ("Rule 15(c) explicitly allows the relation back of an amendment due to a 'mistake' concerning the identity of the parties (under certain circumstances), but the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake.").  "It is the plaintiff's responsibility to determine the proper party to sue and to do so before the statute of limitations expires.  A plaintiff's ignorance or misunderstanding about who is liable for his injury is not a 'mistake' as to the defendant's 'identity.'" Hall v. Norfolk Southern Ry. Co., 469 F.3d 590, 596 (7th Cir. 2006); see also Rendall-Speranza v. Nassim, 107 F.3d 913, 919 (D.C.Cir. 1997) ("In the adversarial system of litigation the plaintiff is responsible for determining who is liable for her injury and for doing so before the statute of limitations runs out; if she later discovers another possible defendant, she may not, merely by invoking Rule 15(c), avoid the consequences of her earlier oversight.").   Accordingly, the motion for leave to amend is DENIED as to Mahdavian and Mahdavian, LLP.

Turning to the motion to add Jamal Mahdavian, the Court will defer ruling on this part of the motion until Jamal Mahdavian has had an opportunity to be heard on the issue.

## IV.     CONCLUSION

For the foregoing reasons:

1.     Defendant Jalal Mahdavian's motion for summary judgment [Dkt. No. 30] is GRANTED and the Complaint is DISMISSED as to him;

2.     Plaintiff's cross-motion [Dkt. No. 41] for leave to add Mahdavian and Mahdavian, LLP as a named defendant is DENIED;

3.       Jamal Mahdavian's motion to intervene [Dkt. No. 50] for the limited purpose of

         opposing Plaintiff's cross-motion is GRANTED;

4.       that portion of Plaintiff's cross-motion seeking leave to add Jamal Mahdavian as a

         defendant is ADJOURNED to the Court's May 21, 2010 motion calendar in

         Binghamton, New York;

5.       Jamal Mahdavian shall submit papers in opposition to Plaintiff's cross-motion on or

         before April 26, 2010;

6.       Plaintiff may file reply papers that conform to the requirements of N.D.N.Y.L.R. 7.1

         on or before 10:00 a.m. on May 3, 2010.

IT IS SO ORDERED.

April 14, 2010


Thomas J. McAvoy
Senior, U.S. District Judge